UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ANTHONY JOYNER,                                                   :
                                                                  :
                 Petitioner,                                       :
                                                                  :      20 Civ. 2874 (JPC) (SN)
            -v-                                                  :
                                                                  :      OPINION AND ORDER
DONALD UHLER,                                                     :
                                                                  :
                 Respondent.                                       :
                                                                  :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       On April 1, 2020, Anthony Joyner, proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Dkt. 1 ("Petition"). Joyner asserts that his conviction for robbery in the second degree stemmed from evidence admitted as a result of an unconstitutional arrest and subsequent search in violation of the Fourth Amendment. *Id.* The Petition was referred to the Honorable Sarah Netburn on May 12, 2020. Dkt. 7. On October 2, 2020, Respondent opposed the Petition on the basis that Joyner's Fourth Amendment claim is not cognizable on habeas review under the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976), because he received a full and fair opportunity to litigate his Fourth Amendment claim in the state courts and has not demonstrated "an unconscionable breakdown" in New York's corrective process. Dkt. 15. By Order dated July 8, 2021, Judge Netburn issued a Report and Recommendation, recommending that the Petition be denied under *Stone*. Dkt. 22 ("R&R"). On August 19, 2021, after receiving an extension of his deadline to object to the Report and Recommendation, Joyner submitted a timely objection to the undersigned. Dkt. 25 ("Objection").

For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety and denies the Petition.

## I. Legal Standards

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Within fourteen days after a party has been served with a copy of a magistrate judge's report and recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a party submits a proper objection to any part of the magistrate judge's disposition, the district court conducts *de novo* review of the contested section. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

To be proper, an objection must be "clearly aimed at particular findings," *Hernandez v. City of N.Y.*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Vlad–Berindan v. MTA N.Y.C. Transit*, No. 14 Civ. 675 (RJS), 2014 WL 6982929, at *1 (S.D.N.Y. Dec. 10, 2014)), and may not be "conclusory or general," *id.* (quoting *Thomas v. Astrue,* 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009)). Parties may neither "regurgitate the original briefs to the magistrate judge" nor raise new arguments not raised to the magistrate judge in the first instance. *Id.*; *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

If a litigant does not file proper objections, the district court generally accepts all parts of a report and recommendation that are not "clearly erroneous." *Hernandez*, 2015 WL 321830, at *2. "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Cameron v. Cunningham*, No. 13 Civ. 5872 (KPF) (FM), 2014 WL 4449794, at *2 (S.D.N.Y. Sept. 9, 2014) (quoting *Easley v. Cromartie,* 532 U.S. 234, 235, 242 (2001)).

"Objections of *pro se* litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest." *Hernandez*, 2015 WL 321830, at *3 (quoting *Quinn v. Stewart*, No. 10 Civ. 8692 (PAE) (JCF), 2012 WL 1080145, at *4 (S.D.N.Y. Apr. 2, 2012)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## II. Discussion

Judge Netburn recommends that the Court deny the Petition because Joyner has had a "full and fair opportunity" to litigate his Fourth Amendment claim in the state courts and, thus, this Court is barred from reviewing the Petition under *Stone*. R&R at 7. Specifically, Judge Netburn found that "[t]he New York courts provided Joyner with the appropriate corrective procedures to address his alleged Fourth Amendment violation," and that "Joyner fails to show that there was an 'unconscionable breakdown' in New York's corrective processes." *Id.* at 6. As an initial matter, Joyner does not object to Judge Netburn's finding that he was provided with appropriate corrective procedures to address his alleged Fourth Amendment violation. In fact, he expressly acknowledges in the Objection that he "took full advantage of the available state process by presenting his Fourth Amendment right claim at both the suppression hearing and in his brief to the state appellate court" and that "[t]he transcript of the [suppression] hearing does not reveal that the [state] trial judge improperly restricted [his] ability to participate i[n] the hearing." Objection at 2.

Joyner objects to the Report and Recommendation solely on the ground that "the [state] trial court's erroneous fact-finding and refusal to consider the pertinent issues during the

3

suppression hearing constituted an 'unconscionable breakdown' in [the] state process." *Id.* Joyner, however, fails to present any argument in the Objection in support of his argument that there was an unconscionable breakdown in the state process.[1] Instead, Joyner cites to Justice Burger's concurrence and Justice White's dissent in *Stone*, and requests that the Court review the "stated objections raised" in the Petition or, in the alternative, "that he be afforded an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2) governing federal habeas corpus proceedings and further, certifying that the[re] exists a question of the denial of a federal protected constitutional right in relation to the state court judgment of conviction." *Id.* at 4. The Objection neither identifies "particular errors in the reasoning of" Judge Netburn, nor "explain[s] to the reviewing Court, citing proper authority, why the magistrate judge's application of law to facts is legally unsound." *Jackson v. Morgenthau*, No. 07 Civ. 2757 (SAS) (THK), 2009 WL 1514373, at *1 (S.D.N.Y. May 28, 2009) (quotations and footnotes omitted). Instead, there are general objections that trigger only clear error review. *See Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989 (NSR) (PED), 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014). The Court finds no clear error in the Report and Recommendation, as Judge Netburn properly applied the Supreme Court's decision in *Stone* in recommending denial of the Petition.

Moreover, the Court has reviewed the entire Report and Recommendation, including those portions to which Joyner did not object, and finds it to be well-reasoned and its conclusions well-founded. The Court therefore fully adopts the Report and Recommendation.

---

[1] Joyner also does not present any argument in his Memorandum of Law in Support of Traverse, Dkt. 20, to support a finding that there was an unconscionable breakdown in the state's corrective process.

### III. Conclusion

For the foregoing reasons, this Court adopts the Report and Recommendation in full and denies the Petition. The Clerk of Court is respectfully directed to terminate all pending motions, close this case, and mail a copy of this Opinion and Order to Petitioner Anthony Joyner.

SO ORDERED.

Dated: December 1, 2021
New York, New York

JOHN P. CRONAN
United States District Judge